CHARLES E. FREEMAN *vs.* ALEXANDER W. ETTER.

July 11, 1874.

Money Paid to Defendant's Use—Voluntary Payment.—The plaintiff purchased from the defendant certain personal property for the sum of four thousand dollars. For a portion of the purchase money unpaid, he executed to the defendant his notes and a chattel mortgage upon the property. At the same time it was agreed between the parties, that if the plaintiff would pay a certain debt of the defendant which he owed to parties in St. Louis, the defendant would credit the plaintiff with the amount so paid upon the notes and mortgage given as aforesaid. In accordance with this agreement, the plaintiff afterwards paid the said debt; but the defendant neglected and refused to credit any part of the sum so paid on said notes and mortgage, and the plaintiff, under protest, paid to the defendant said notes and mortgage in full. *Held*, that the rule in regard to a voluntary payment has no application to the facts in this case; that the action is brought for the recovery of the sum paid by the plaintiff to the creditors of the defendant at St. Louis, under the agreement above set forth, and not to recover back the amount paid by the plaintiff to the defendant on his notes and chattel mortgage.

Appeal by defendant from a judgment of the district court for Dakota county, *Crosby*, J., presiding, and from an order refusing a new trial.

*Clagett & Searles*, for appellant.

*T. R. Huddleston*, for respondent.

McMILLAN, C. J.    The plaintiff purchased from the defendant certain personal property, and for the balance of the purchase money unpaid, executed to the defendant his notes and a chattel mortgage upon the property.    There was evidence tending to show that, the plaintiff being so indebted, it was agreed between the parties that if the plaintiff would pay a certain debt of the defendant to J. P. & C. W. Keiser, of St. Louis, Missouri, amounting to one hundred and twenty-five dollars and seventy-two cents, when due, the defendant would credit the plaintiff, on the notes and mortgage, with the amount so paid.    In accordance with this agreement, the plaintiff afterwards paid the said sum of one hundred and twenty-five dollars and seventy-two cents ; but the defendant neglected and refused to credit any portion of said sum upon either of the notes or the mortgage, and the plaintiff paid to said defendant, under protest, the notes and mortgage in full.

The defendant requested the court, among other things, to instruct the jury as follows :

" Second. If the jury find from the evidence that there was an agreement on the part of the defendant to endorse on the notes, or one of them, the amount of money paid by the plaintiff at St. Louis, and the defendant did not so endorse it, then the plaintiff is entitled to nominal damages only, unless they further find that said notes were afterwards paid in full by the plaintiff, under compulsion or duress.

" Third. If the jury find from the evidence that the defendant agreed to endorse the St. Louis payment on the notes he held against the plaintiff, but did not, and the plaintiff, with a knowledge of all these facts, afterwards voluntarily paid those notes in full, then they can give the plaintiff nominal damages."

The court refused to so instruct the jury, but charged the jury as follows : " If the jury find that the money paid to J. P. & C. W. Keiser, by Freeman, was paid under an agreement with Etter that the amount so paid should be endorsed on Freeman's notes to Etter, and Etter refused to so endorse it, and that Freeman has paid these notes to Etter in full, then the jury will find a verdict for the plaintiff for the sum so paid, with interest at seven per cent. from the time he paid it.''

The defendant excepted to the refusal of the court to charge as requested by him, and also excepted to the above instruction given by the court to the jury.

This action is not brought to recover back any portion of the money paid by the plaintiff to the defendant on the notes and mortgage, given by the former to the latter, but is brought to recover the sum of one hundred and twenty-five dollars and seventy-two cents, paid by the plaintiff to J. P. & C. W. Keiser, for the defendant, under the agreement hereinbefore mentioned. The rule in regard to a voluntary payment has no application to the facts in this case. The court was right, therefore, both in refusing to instruct the jury as requested by the defendant, and in giving the instruction it did.

The order denying a new trial, and the judgment appealed from are affirmed.